UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| GP BRANDS, INC.<br>    A Florida Corporation<br>    Plaintiff,<br><br>TRACIE NICHOLE WILLIAMS<br>    Defendant. | Civil Action No. _____<br><br>**Complaint for damages**<br><br>**Injunctive relief sought** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

COMES NOW, the Plaintiff, GP Brands, Inc., by and through the undersigned counsel, and files this Complaint for Damages and Injunctive Relief against Defendant, Tracie Nichole Williams, and in support thereof states as follows:

**NATURE OF THE ACTION**

1. Plaintiff is a Florida Corporation and Franchisor to the Goin' Postal franchise chain and owner of certain federally registered trademarks pertaining to the Goin' Postal franchise chain. Defendant is a Florida resident who breached a binding Franchise Agreement with the Plaintiff and who has knowingly and intentionally used and incorporated Plaintiff's trademarks without license or permission as her own with intent to cause confusion, mistake or to deceive. Defendant's actions have hindered Plaintiff from franchise sales in the locale and associated royalty revenue, has damaged the Plaintiff's brand and goodwill and has caused confusion

among consumers in the market place. Additionally, Defendant's actions have caused damages to the Plaintiff. Plaintiff seeks injunctive relief to prevent Defendant from engaging in further infringement, an accounting for profits, damages, treble damages and attorney's fees. Additionally, Plaintiff seeks injunctive relief as enforcement of the Non-Competition Agreement entered into by the parties, actual damages and liquidated damages.

## PARTIES

2. Plaintiff is a Florida Corporation with its principal place of business located in Pasco County at 4941 4th Street, Zephyrhills, Florida, 33542.

3. Defendant is a Florida resident, residing and conducting business in Jacksonville, Florida.

## JURISDICTION AND VENUE

4. Plaintiff re-alleges all preceding allegations.

5. This claim arises under the Lanham Act (15 U.S.C. §§ 1114 & 1125) and this Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 2201. This Court has supplemental subject matter jurisdiction over Plaintiff's state-law claim under 28 U.S.C. § 1367. Venue is proper in the United States District Court for the Middle District of Florida under 28 U.S.C. § 1391.

## FACTS

6. Plaintiff re-alleges all preceding allegations.

7. The Plaintiff is the Franchisor to the Goin' Postal franchise chain, whose core business is the shipping of packages through various parcel shipping vendors including the U.S. Post Office, FedEx, DHL and UPS. Plaintiff owns multiple federally registered trademarks in connection with said business (see Exhibit "A"). Plaintiff acquired ownership of the marks and all rights therein through assignment from the predecessor Franchisor, Goin' Postal Franchise Corporation (see Exhibit "B"). In addition to acting as the Franchisor to existing Goin' Postal franchise stores, Plaintiff also sells new franchise opportunities in the state of Florida and nationwide. Plaintiff receives revenue from franchise locations in the form of monthly royalty payments.

8. On or about January 12, 2015, Plaintiff and Defendant entered into a valid Franchise Agreement (Exhibit "C") wherein Defendant would operate a Goin' Postal franchise store located at 1523 Chaffee Road South, #12, Jacksonville, Florida, 32223. The Franchise Agreement was for a 15 year term and the Defendant was obligated to pay monthly royalties to the Plaintiff throughout the term. (see pages 97 – 98, Exhibit "C")

9. The omnibus Franchise Agreement also contained a Non-Competition and Non-Solicitation Agreement (see pages 139 – 144, Exhibit "C") which survives for a two (2) year period following the conclusion of the Franchise Agreement whether by termination or expiration. The Non-Competition Agreement prohibited the Defendant from operating directly or

indirectly a business which is the same as or substantially similar to a Goin' Postal franchise.

10.   Beginning in July 2015, Defendant failed to make the required monthly royalty payments. Plaintiff spoke with the Defendant on multiple occasions regarding the missed payments. The Defendant promised to catch up on the missed payments if the Plaintiff would allow more time to which the Plaintiff agreed. After several extensions expired without the promised payments being made, the Plaintiff terminated the Franchise Agreement for failure to make the required payments on December 7, 2015. As of December 1, 2015, the Defendant had not made a payment in 6 months.

11.   Termination of the Franchise Agreement immediately and irrevocably terminated any right previously held by the Defendant to use the Plaintiff's trademarks/service marks and proprietary property. The Defendant was notified of the termination and reminded of the associated termination of rights.

12.   Despite this, the Defendant knowingly continued to operate the franchise location as though it were a Goin' Postal franchise, using the Plaintiff's trademarks/service marks and proprietary software as her own. The Defendant prominently displayed Goin' Postal signs on the interior and exterior of her business (see, Exhibit "D") and issued receipts of transactions that indicated to customers that they had just done business with a Goin' Postal franchise, when in fact they had not (see, Exhibit "E").

13. Plaintiff's franchise sales are restricted by territorial rights given to existing franchise locations. Therefore, a potential franchise purchaser would not be able to purchase a franchise in a location where one already exists.

14. Defendant's infringing actions and confusion in the market place not only confuse patrons of franchise locations but also dissuade potential franchise purchasers.

15. Defendant Corporation's use of the Plaintiff's trademark was both knowing and willful. Defendant's conduct is deliberate, intentional and specifically intended to enrich Defendants and harm and damage Plaintiff. Defendant's use of Plaintiff's trademark is likely to cause confusion, mistake and deceive third-parties as to the affiliation, connection or association of Defendant with Plaintiff and as to whether or not Plaintiff has anything to do with the origin, sponsorship, or approval of the goods, services or other commercial activities of Defendants.

## FIRST CLAIM FOR RELIEF –INJUNCTIVE RELIEF UNDER THE LANHAM ACT

16. Plaintiff re-alleges all preceding allegations.

17. Defendant's use of the above described marks are in violation of federal law. The Defendant has used in commerce the Plaintiff's registered marks in connection with the sale, offering for sale,

distribution or advertising of goods and services provided by Defendants without consent and in defiance of the trademark owner.

18. Defendant's use of the marks were committed with knowledge and willfulness that was intended to cause confusion, mistake or to deceive.

19. Plaintiff is entitled to injunctive relief. Without injunctive relief, Plaintiff will continue to suffer injuries for which no adequate remedy at law exists.

**SECOND CLAIM FOR RELIEF – DAMAGES UNDER THE LANHAM ACT**

20. Plaintiff re-alleges all preceding allegations.

21. Defendant's actions have damaged the Plaintiff's goodwill, potential for past and future sales, caused confusion in the market and diluted the strength of Plaintiff's trademark/brand.

22. Defendant's actions were willful, knowing and calculated. Under 15 U.S.C. § 1117, Plaintiff is entitled to: (1) Defendant's profits, (2) any damages sustained by the Plaintiff, and (3) the costs of the action.

**THIRD CLAIM FOR RELIEF – TREBLE DAMAGES UNDER THE LANHAM ACT**

23. Plaintiff re-alleges all preceding allegations.

24. Pursuant to U.S.C. § 1117(b), Plaintiff is entitled to a judgment for three times such profits or damages, as the Defendant did intentionally use the Plaintiff's mark knowing such mark is a counterfeit,

in connection with the sale, offering for sale, or distribution of goods or services.

## FOURTH CLAIM FOR RELIEF – INJUCTIVE RELIEF AS ENFORCEMENT OF NON-COMPETITION AGREEMENT

25. Plaintiff re-alleges all preceding allegations.

26. Pursuant to the Non-Competition and Non-Solicitation Agreement entered into by the parties, Defendant shall not directly or indirectly, "own, maintain, engage in, be associated with, be employed by, advise, invest in or have any interest in any business which is the same as, or substantially similar to or competitive with any Goin' Postal shipping store" for a two year period following the conclusion of the Franchise Agreement.

27. Defendant has breached this agreement.

28. Plaintiff is entitled to injunctive relief. Without injunctive relief, Plaintiff will continue to suffer injuries for which no adequate remedy at law exists.

## FIFTH CLAIM FOR RELIEF – DAMAGES FOR BREACH OF CONTRACT

29. Plaintiff re-alleges all preceding allegations.

30. Plaintiff and Defendant entered into a valid contract, Defendant breached that contract and the Defendant's breach has caused the Plaintiff injury.

31. Pursuant to Section 12.4 of the Franchise Agreement (see page 112, Exhibit "C"), Defendant's failure to pay royalties to the Plaintiff when they are due is a material breach.

32. Pursuant to Section 13.5 of the Franchise Agreement (see pages 115 – 116, Exhibit "C"), the parties agreed, "If this Agreement terminates prior to its expiration…" the Plaintiff shall be entitled to liquidated damages. Liquidated damages was defined as the amount of revenue the Plaintiff would have been entitled to had the Agreement not been terminated, "but in no event greater than three (3) years" worth of royalties.

33. At the time the Plaintiff terminated the Franchise Agreement for failure to make required payments the Defendant's unpaid balance was $2,730.00.

34. Pursuant to Section 20.5 of the Franchise Agreement (see page 122, Exhibit "C"), Plaintiff is entitled to costs and fees of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for relief, and request this Honorable Court to render judgment as follows:

1. Finding jurisdiction over the subject matter and parties hereto;
2. As to the Plaintiff's First Claim for Relief - Granting Plaintiff preliminary and permanent injunctive relief against Defendant, prohibiting the use of any of the Plaintiff's marks, colorable imitations, counterfeits, copies or any such mark that may cause confusion as described herein above;

3. As to the Plaintiff's Second Claim for Relief - Award Plaintiff Defendant's profits, damages sustained by the Plaintiff, and the cost of the action;

4. As to the Plaintiff's Third Claim for Relief - Award Plaintiff treble damages of three times the profits or damages assessed, whichever is greater, together with a reasonable attorney's fee;

5. As to the Plaintiff's Fourth Claim for Relief – Grant Plaintiff preliminary and permanent injunctive relief against Defendant, prohibiting the Defendant from operating or participating directly or indirectly in any business that is the same or substantially similar to that of a Goin' Postal franchise for a period of two years;

6. As to the Plaintiff's Fifth Claim for Relief – Find the Defendant in Breach of Contract, awarding Plaintiff actual damages, liquidated damages, and costs and fees; and

7. Award such other relief as it deems just and equitable.

Dated this __17__ day of __December__, 20__15__.

Respectfully Submitted,

**Marty Beurmann, Esq.**
Trial Attorney for Plaintiff
Florida Bar No.: 98873
GP Brands, Inc.
4941 4th Street
Zephyrhills, FL 33542

Phone: 813-782-1500  
Fax: 813-782-1599  
Email: legal@gpbrands.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be service with process.

_____  
Marty Beurmann, Esq.