UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| GP BRANDS, INC.<br>    A Florida Corporation<br>    Plaintiff,<br><br>TRACIE NICHOLE WILLIAMS<br>    Defendant. | Civil Action No. 8:15-cv-02912-JDW<br><br>**Motion for Default Judgment** |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff, GP Brands, Inc., respectfully moves this Court to enter default judgment against defendant Tracie Nichole Williams, and in support thereof states as follows:

**PROCEDURAL HISTORY**

1. On January 5, 2016, the Plaintiff filed an Amended Complaint for Damages and Injunctive Relief against Tracie Nichole Williams.

2. The Plaintiff served Tracie Nichole Williams with a summons and copy of the Plaintiff's Amended Complaint on January 12, 2016. See Affidavit of Service filed on February 11, 2016, attached hereto as Exhibit "A".

3. On February 11, 2016, the Clerk of Court entered a default against the Defendant. See clerk's Entry of Default, attached hereto as Exhibit "B".

**CANDOR TO THE COURT**

4.    Out of an abundance of caution and candor for this Court, the Plaintiff and Plaintiff's attorney hereby report that on or about February 3, 2016, the Defendant did mail a document to the Plaintiff and Plaintiff's attorney titled "Answer." The document did not specify admissions or denials to any of the enumerated allegations of the Amended Complaint. The Defendant failed to file an Answer with the Court. The Defendant was served a copy of the Plaintiff's Motion for Clerk's Default as well as the clerk's Entry of Default. To date, the Defendant has still not filed an Answer or any other document to this Court.

## PROCEDURAL STANDARD

5.    On a motion for default judgment under Fed. R. Civ. P. 55(b)(2), the Court accepts as true the facts alleged in the complaint: "[B]y defaulting, the [defendant is] deemed to have admit[ted] the plaintiff's well-pleaded allegations of fact' for purposes of liability." *Coton v. Televised Visual X-Ography, Inc.*, 740 F. Supp. 2d 1299, 1307 (M.D. Fla. 2010) (quoting *Buchanan v. Bowman*, 820 F.2d 359,361 (11th Cir. 1987)).

6.    The Plaintiff is entitled to relief against the Defendant if the admitted facts establish the defaulting defendant's liability. *See Shandong Airlines Co. v. CAPT, LLC,* 650 F. Supp. 2d 1202, at 1206 (M.D. Fla. 2009).

## FIRST CLAIM FOR RELIEF – INJUNCTIVE RELIEF UNDER THE LANHAM ACT

7. The facts as alleged in the amended complaint established Plaintiff's ownership of the trademarks "Goin' Postal", "Goin' Postal, Your Friendly Neighborhood Shipping Center", the Goin' Postal character and various other trademarks associated with the Goin' Postal shipping and packing franchise chain. [See Plaintiff's trademark registration and assignment attached to amended complaint as its Exhibits A and B].

8. Plaintiff's amended complaint as alleged established Defendant's unauthorized use of Plaintiff's trademarks in commerce. The Defendant's contractual right to use the Plaintiff's trademarks as afforded by the Franchise Agreement was immediately and irrevocably terminated on December 7, 2015 for Defendant's failure to make required payments. The Defendant was notified of the termination of the Franchise Agreement and the associated rights. Despite this, the Defendant continued and still continues to this day to use the Plaintiff's trademarks in commerce and purport itself to the general public as a "Goin' Postal" store. [See photographs attached to amended complaint as its Exhibits D and E].

9. Pursuant to 15 U.S.C. § 1116, the Plaintiff moves this Court to issue an order permanently enjoining the Defendant's use of the Plaintiff's marks.

**SECOND CLAIM FOR RELIEF – DAMAGES UNDER THE LANHAM ACT**

10. Plaintiff's amended complaint as alleged established the Defendant's actions as a violation of the Lanham Act, 15 U.S.C. §§ 1114 & 1125.

11. Plaintiff's amended complaint as alleged established the Defendant's actions as willful, knowing and calculated. Despite the notification of Plaintiff's absolute ownership of the trademarks and termination of the Franchise Agreement, the Defendant continues to operate her business as a Goin' Postal store. Plaintiff is entitled to remedies available under 15 U.S.C. § 1117 for willful violators.

12. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to: (1) Defendant's profits, (2) any damages sustained by the Plaintiff, and (3) the costs of the action.

13. The Plaintiff moves this Court to issue an order for an accounting of Defendant's profits from December 7, 2015 to present and award said profits to Plaintiff along with the costs of this action.

## THIRD CLAIM FOR RELIEF – TREBLE DAMAGES UNDER THE LANHAM ACT

14. Plaintiff's amended complaint as alleged established the Defendant did intentionally use the Plaintiff's marks knowing such mark is a counterfeit, in connection with the sale, offering for sale, or distribution of goods or services.

15. The Plaintiff moves this Court to award Plaintiff three times the Defendant's profits pursuant to U.S.C. § 1117(b).

## FOURTH CLAIM FOR RELIEF – INJUNCTIVE RELIEF AS ENFORCEMENT OF NON-COMPETITION AGREEMENT

16. The Plaintiff's amended complaint as alleged established that the Defendant entered into a Non-Competition and Non-Solicitation Agreement which specified the Defendant shall not directly or indirectly, "own, maintain, engage in, be associated with, be employed by, advise, invest in or have any interest in any business which is the same as, or substantially similar to or competitive with any Goin' Postal shipping store" for a two year period following the conclusion of the Franchise Agreement.

17. Plaintiff's amended complaint as alleged established that the Defendant breached this agreement by operating a business that is identical to and indistinguishable from a Goin' Postal store.

18. The Plaintiff moves this Court to issue an order enjoining Defendant from operating the business described within this action and enforcing the Non-Compete agreement.

## FIFTH CLAIM FOR RELIEF – DAMAGES FOR BREACH OF CONTRACT

19. Plaintiff's amended complaint as alleged established Plaintiff and Defendant entered into a valid contract, that Defendant breached that contract, and that the Defendant's breach has caused the Plaintiff injury.

20. Plaintiff's amended complaint as alleged established that Defendant owed to Plaintiff $2,730.00 at the time the Franchise Agreement was terminated.

21. Plaintiff's amended complaint as alleged established that the parties agreed to liquidated damages to serve as remedy for premature termination.

22. Liquidated damages, as defined by the Franchise Agreement, amount to three years -worth of royalties, totaling $16,560.00.

23. Plaintiff moves this Court to issue an order awarding Plaintiff $19,290.00, for breach of contract.

**WHEREFORE**, the Plaintiff moves this Court for entry of Final Judgment against Tracie Nichole Williams, and to issue and Order which:

1. Permanently enjoins the Defendant from use of the Plaintiff's marks pursuant to 15 U.S.C. § 1116;
2. Orders for an accounting of Defendant's profits from December 7, 2015 to present, at the Defendant's expense, and award said profits to Plaintiff along with the costs of this action;
3. Awards Plaintiff three times the Defendant's profits pursuant to U.S.C. § 1117(b);
4. Enjoins Defendant from operating the business described within this action and enforcing the Non-Compete agreement for a period of two years from the date of termination (December 7, 2015);
5. Awards Plaintiff $19,290.00, for breach of contract;

6. Awards Plaintiff costs and fees; and

7. Any such other relief the Court deems just and equitable.

Dated this 23 day of February, 2016.

                                              Respectfully Submitted,

**Marty Beurmann, Esq.**
Trial Attorney for Plaintiff
Florida Bar No.: 98873
GP Brands, Inc.
4941 4th Street
Zephyrhills, FL 33542
Phone: 813-782-1500
Fax: 813-782-1599
Email: legal@gpbrands.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 23, 2016, I mailed the foregoing document by U.S. Mail to the following non-CM/ECF participant:

Tracie Nichole Williams
c/o Goin' Postal Jacksonville Chaffee
1523 Chaffee Road, #12
Jacksonville, FL 32221

Marty Beurmann, Esq.